ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER OF FEBRUARY 14, 1989 CONCERNING THE TERMS OF 70 O.S. 6102.7 (1988). HE HAS AUTHORIZED ME TO RESPOND TO YOU THROUGH THIS INFORMAL LETTER.
IN 1988, THE OKLAHOMA LEGISLATURE ADOPTED INTO LAW THE TERMS OF HOUSE BILL NO. 1884, A THREE-SECTION BILL PROHIBITING, IN PERTINENT PART, THE EMPLOYMENT OF CERTAIN CLASSES OF FORMER EMPLOYEES BY SCHOOL DISTRICTS IN THE STATE. SECTION ONE OF THIS BILL, CODIFIED AT 70 O.S. 6-102.7 (1988), STATES:
 "NO LOCAL BOARD OF EDUCATION OR ADMINISTRATION OF A SCHOOL DISTRICT OR STATE BOARD OF EDUCATION SHALL ENTER INTO A CONTRACT FOR CONSULTANT SERVICES WITH ANY PERSON WHO HAS RETIRED AS AN ADMINISTRATOR WITH ANY SCHOOL DISTRICT FOR TWO (2) YEARS AFTER THE RETIREMENT DATE OF SUCH ADMINISTRATOR. NOTHING IN THIS SECTION SHALL PROHIBIT A BOARD OF EDUCATION FROM EMPLOYING AS A SUBSTITUTE TEACHER, A PERSON WHO HAS RETIRED AS AN ADMINISTRATOR OR TEACHER WITH A SCHOOL DISTRICT WITHIN TWO (2) YEARS AFTER THE RETIREMENT DATE OF THE PERSON."
YOU INITIALLY ASK WHAT TYPES OF SERVICES CONSTITUTE "CONSULTANT SERVICES" AS REFERRED TO IN THIS PROVISION OF LAW. ULTIMATELY, THAT TYPE OF DETERMINATION IS ONE THAT WOULD HAVE TO BE MADE ON A CASE-BY-CASE BASIS, AFTER A REVIEW OF THE FACTUAL CIRCUMSTANCES THAT ARE PRESENT IN THE PARTICULAR SITUATION AT ISSUE. YOU HAVE PRESENTED A FEW EXAMPLES OF AREAS OF CONSULTATION THAT YOU ARE PARTICULARLY CONCERNED ABOUT. WHILE I CANNOT ANSWER YOU IN THE ABSTRACT, AS THE ULTIMATE RESOLUTION OF ANY CONTROVERSY WOULD REQUIRE A DETAILED FACTUAL REVIEW OF THE CASE AT HAND, I CAN STATE FAIRLY COMFORTABLY TO YOU THAT THE STATUTE WOULD VERY LIKELY PROHIBIT RETAINING SUCH A FORMER ADMINISTRATOR WITHIN THE TWO YEAR TIME FRAME SET FORTH IF THE CONSULTATION RENDERED WAS AIMED AT PROVIDING ASSISTANCE IN NEGOTIATIONS WITH DISTRICT EMPLOYEES, THE FORMATION OF A DISTRICT ASBESTOS MANAGEMENT PLAN, OR REVISION OF DISTRICT CURRICULUM.
WITH REFERENCE TO YOUR QUESTION ABOUT HIRING A FORMER ADMINISTRATOR TO SERVE TEMPORARILY AS SCHOOL SUPERINTENDENT, A "PURE" EMPLOYMENT RELATIONSHIP MIGHT BE POSSIBLE. HOWEVER, IN SUCH A CASE, IT IS ALSO VERY LIKELY THAT THE EMPLOYEE WOULD LOSE ALL RIGHTS TO RETIREMENT BENEFITS DURING THAT TIME FRAME, AND COULD EVEN JEOPARDIZE THE COMPOSITION OF THE OVERALL PACKAGE OF BENEFITS THAT WERE IN EFFECT AT THE TIME OF HIS OR HER INITIAL RETIREMENT. IN ANY EVENT, SUCH A COURSE OF CONDUCT IS ONE FRAUGHT WITH LEGAL PITFALLS FOR BOTH THE EMPLOYEE AND THE DISTRICT AND NOT ONE THAT I COULD, IF I WERE COUNSEL FOR THE DISTRICT, APPROVE WITHOUT A VERY DETAILED REVIEW OF THE FULL RANGE OF IMPACT SUCH AN EMPLOYMENT RELATIONSHIP WOULD HAVE ON ALL CONCERNED.
YOUR SECOND QUESTION ASKS WHETHER THIS STATUTE IN SOME WAY VIOLATES ANY CONSTITUTIONAL RIGHTS OF THE FORMER ADMINISTRATOR. IT HAS LONG BEEN RECOGNIZED IN THE LAW THAT ACCEPTANCE OF PUBLIC EMPLOYMENT CAN CARRY WITH IT CERTAIN RESTRICTIONS ON PERSONAL CONDUCT, BOTH DURING AND FOR A REASONABLE PERIOD AFTER THE EMPLOYMENT TERM. THE STATUTE REFERRED TO IS CERTAINLY NOT UNIQUE IN OKLAHOMA OR NATIONWIDE. VIRTUALLY EVERY STATE HAS SOME SORT OF CONFLICT OF INTEREST LAW WHICH IS AIMED AT PREVENTING "GOLDEN PARACHUTES" FOR FORMER PUBLIC EMPLOYEES. IN ATTORNEY GENERAL OPINION NO. 87-011, A SIMILAR STATUTE, WHICH FORBIDS ANY STATE AGENCY FROM CONTRACTING WITH ANY FORMER EMPLOYEE OF THE STATE FOR A ONE-YEAR TIME PERIOD AFTER THAT EMPLOYEE LEAVES PUBLIC SERVICE, 74 O.S. 85.42 (1988), WAS REVIEWED BY THE ATTORNEY GENERAL AND FOUND LAWFUL. I SEE NO REASON THAT THE TERMS OF THE STATUTE REFERRED TO IN YOUR LETTER WOULD BE TREATED ANY DIFFERENTLY.
(MICHAEL SCOTT FERN)